CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL J. DAVIS, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00482 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Michael J. Davis, proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Davis is challenging his January 22, 2001 conviction in the Circuit Court of Louisa County for breaking and entering. Davis was sentenced to ten years in prison, with eight years suspended and two years probation. He is currently not incarcerated. As grounds for relief, Davis claims that his attorney was ineffective at trial and on appeal. The court finds that Davis's petition is untimely and that there are no grounds for equitable tolling and therefore dismisses his petition.

## I.

Davis was convicted in the Circuit Court of Louisa County on January 22, 2001 and sentenced on June 25, 2001. Davis appealed his conviction, but the filing fee was not timely received by the court and the appeal was dismissed on September 6, 2001. More than four years later, Davis filed a state habeas corpus petition in the Louisa County Circuit Court alleging ineffective assistance of counsel at trial and on appeal; it was dismissed as untimely. Davis appealed the denial of his habeas petition to the Supreme Court of Virginia. The court found no error and refused the petition on May 5, 2006.

## II.

Davis did not meet the one-year statute of limitations for filing a federal habeas petition pursuant to 28 U.S.C. § 2244.[1] Davis had 365 days from October 8, 2001, the date his conviction became final, to file his 28 U.S.C. § 2254 petition. Davis did not meet this October 8, 2002 deadline; in fact, by that date, Davis had yet to file his state habeas petition.[2] Accordingly, Davis's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Davis has made no such demonstration. Although Davis acknowledges that his petition

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Davis has alleged nothing to support the application of § 2244(d)(1)(B - D), therefore the court finds that the clock began to run on October 8, 2001, the date his conviction became final.

[2] Davis's one-year clock had already run by the time he filed his state habeas petition; therefore, that petition afforded Davis no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

2

is untimely, he offers no explanation as to why it is so late.[4] Accordingly, the court finds that Davis has not demonstrated any grounds for to equitable tolling.

## III.

For the foregoing reasons, the court dismisses Davis's petition as untimely.

**ENTER**: This 25th day of September, 2006.

_____
United States District Judge

---

[4] Rather he argues that the "magnitude of appointed counsel['s] misrepresentation of petitioner [at] trial and appeal... rises to the level of fundamental defect which inherently results in a complete miscarriage of justice."

3